IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL CLARENCE BAILEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV590 |
| | § | |
| BAC HOME LOANS SERVICING, LP, | § | |
| f/k/a COUNTRYWIDE HOME LOANS | § | |
| SERVICING, LP AND n/k/a BANK OF | § | |
| AMERICA, N.A., | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court are Defendant Bank of America's Motion to Dismiss (Dkt. 26) and Motion to Strike Response to Motion to Dismiss (Dkt. 36). As set forth below, the motion to strike (Dkt. 36) is DENIED and the Court recommends that motion to dismiss (Dkt. 26) be GRANTED in part and DENIED in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about August 27, 2007, Plaintiff Paul Clarence Bailey executed a Promissory Note and a Deed of Trust to secure payment of the Note to purchase real property located at 6515 Winston Drive, Frisco, Texas 75035 ("the Property"). *See* Dkt. 4. The original lienholder was Mortgage Electronic Registration Systems. Inc. ("MERS"), and Defendant BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP, and n/k/a Bank of America, N.A. purchased the Note from MERS. *Id.* at ¶ 6. According to the Plaintiff, around February 2009, Plaintiff completed

necessary loan modification paperwork in accordance with the Home Affordable Modification Program ("HAMP") and began making a modified monthly payments on his mortgage for a trial period. *Id.* at ¶ 10. Plaintiff alleges on or about May 25, 2010 Defendant told him his loan modification was approved for final loan modification, subsequently however, Plaintiff learned from the Collin County Clerk's Office that Defendant accelerated his Note. *Id.* at ¶ 11.

On August 31, 2011, Plaintiff filed suit *pro se* against Defendant Bank of America in the 296th Judicial District Court of Collin County, Texas, and Defendant removed the case to this Court on September 13, 2011. *See* Dkt. 5.

Since removal, Plaintiff has amended his complaint to assert the following causes of action against Defendant Bank of America: (1) breach of contract; (2) violations of the Real Estate Settlement Procedures Act ("RESPA"); (3) fraudulent misrepresentation; (4) violations of the Fair Debt Collections and Practices Act ("FDCPA"); (5) violations of Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (6) predatory lending and violations of civil and Constitutional rights. *See* Dkt. 22. Defendant has filed a motion to dismiss, seeking to dismiss all of Plaintiff's claims. *See* Dkt. 26. On May 18, 2012, Plaintiff filed his response in opposition. *See* Dkt. 35.

## MOTION TO STRIKE

The Court will first address the motion to strike filed by Defendant, seeking to strike the response filed by Plaintiff to the motion to dismiss. *See* Dkt. 36. Defendant argues that, because the response was filed after the Court's extended deadline, it should be stricken from the record. The motion (Dkt. 36) is DENIED. It appears from the record that *pro se* Plaintiff attempted to comply with the Court's May 11, 2012 response deadline but his attempt was stricken because he did not file

the pleading himself. Plaintiff's response currently before the Court was filed within three days of the docketing of the order to strike. The response will be deemed timely filed, and, to the extent responsive to the arguments raised by Defendant, the Court has considered it herein.

### STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the

court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). Dismissal for failure to state a claim is generally disfavored in the Fifth Circuit. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001).

ANALYSIS

**Breach of Contract**

Defendant challenges Plaintiff's breach of contract claims for several reasons. First, Defendant argues that Plaintiff's breach of loan modification agreement is barred by the statute of frauds. The Court agrees.

Texas law is clear that any unilateral or bilateral contract modifying the underlying Note and Deed of Trust was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE § 26.02(a)(2) and (b) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law). Therefore, in order for Plaintiff to assert a breach of contract claim, any modification of the underlying loan agreement must have been in writing. Because Plaintiff has not cited to a written loan modification agreement, the Court finds that he has failed to allege breach of any modification agreement.

Next, Defendant argues that Plaintiff cannot base a breach of contract action on HAMP. The Court agrees. "[A] borrower has no private right of action under MHA or HAMP." *Dempsey v. U.S. Bank Nat.*, 2012 WL 2036434, 6 (E.D. Tex. 2012) (*citing Pardy v. Chase Home Fin., L.L.C.*, 2012 WL 488708, at *4 (E.D. Tex. 2012); *Daniels v. JPMorgan Chase, N.A.,* 2011 WL 7040036, at *2 (E.D. Tex. 2011); *Mortberg v. Litton Loan Servicing, L.P.,* 2011 WL 4431946, at *5 (E.D. Tex. 2011); *Cruz v. CitiMortgage, Inc.,* 2012 WL 1836095, at *6 (N.D. Tex. 2012); *Alsobrook v. GMAC Mortg., LLC,* 2012 WL 1643220, at *6 (N.D. Tex. 2012)).

Finally, Defendant argues that Plaintiff cannot sue for breach of a Note on which he defaulted. The Court notes that, as stated in his amended complaint, it appears Plaintiff's breach of contract claim is based solely on the purported modification agreement. However, to the extent Plaintiff alleges breach under the parties' original agreement, the Court agrees with Defendant that Plaintiff has not sufficiently stated any such claim. In order to establish a breach of contract claim, Plaintiffs must plead facts showing: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Oliphant Fin., LLC v. Patton*, No. 05-17- 01731, 2010 WL 936688, at *3 (Tex. App.—Dallas Mar. 17, 2010, pet. filed). Further, in order to properly plead a claim based on breach of the Note and Deed of Trust, Plaintiff must point to a specific provision in the contract that was breached by the Defendant. *Coleman*, 2011 WL 2516169, at *1 (citing *Case Corp. Inc. v. Hi-Class Bus. Sys. of Am.*, 184 S.W.3d 760, 769–70 (Tex. App.—Dallas 2005, pet. denied)). He has not done so here, and, as noted by Defendant, appears to have defaulted on the Note. Thus, Defendant's motion to dismiss Plaintiff's breach of contract claims should be GRANTED and Plaintiff's breach of contract claims, either as

5

to the original loan agreement or the modification agreement should be dismissed.

**RESPA**

Next the Court turns to Plaintiff's claims under RESPA. Plaintiff has alleged that Defendant failed to properly respond to his "qualified written request for information" and is therefore in violation of 12 U.S.C. § 2605(e). Within 60 days of receipt of a qualified written request, RESPA requires a servicer to make appropriate corrections in the account of the borrower and transmit to the borrower a written notification of such correction or provide the borrower with a written explanation or clarification that includes a statement of the reasons for which the servicer believes the account of the borrower is correct or unavailable or cannot be obtained by the servicer. *See* 12 U.S.C. § 2605(e)(2). Plaintiff has alleged that he sent Defendant a qualified written request, that Defendant did not respond within 60 days, and that the response provided did not offer an explanation or why his requested information was unavailable.

Defendant responds that what was sent to Bank of America by Plaintiff was not a qualified written request. The Court finds that whether the request submitted by Plaintiff to Defendant falls within the statutory definition of qualified written request is a matter best reserved for summary judgment or trial. At this phase of the pleadings, Plaintiff has sufficiently stated a claim under RESPA. The motion to dismiss this claim should, therefore, be DENIED.

**Fraudulent Misrepresentation**

Next, Defendant argues that Plaintiff has failed to state a claim for fraud. To assert a claim of fraud under Texas law, a plaintiff must allege: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or

6

made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). FED. R. CIV. P. 9(b) (requiring that a party state with particularity the circumstances constituting fraud or mistake).

Here, Plaintiff's pleadings allege that Defendant represented to him that foreclosure of his Property would be postponed while he was in the loan modification process. Dkt. 22 at 9-10. Defendant has further alleged that he relied on this representation and suffered injury as a result of his reliance. Further, although not included in his response to his current motion to dismiss, a previous filing in this case includes copies of correspondence between Plaintiff and Defendant's containing certain representations by Defendant – which Plaintiff now alleges to be false – regarding Plaintiff's eligibility for a modification and payments thereunder. *See* Dkt. 12. The Court finds that, balancing both the deference afforded to *pro se* litigants as to procedural matters and the heightened pleading requirements, this is sufficient to state a claim for fraudulent misrepresentation. *Perez v. U.S.*, 312 F.3d 191, 194-195 (5th Cir. 2002) ("a *pro se* plaintiff's pleadings are liberally construed").

Defendant also argues that Plaintiff's fraud claim is barred by the economic loss doctrine. Having reviewed the pleadings here, the Court finds that, the economic loss rule does not necessarily bar Plaintiff's fraud claims such that they should be disposed of at the motion to dismiss phase.

"The economic-loss rule bars tort actions based solely on recovery of the loss or damage to the subject of a contract." *New Century Fin., Inc. v. Olympic Credit Fund, Inc.*, 2012 WL 3655967,

3 (5th Cir. 2012) (*citing D.S.A. Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 664 (Tex.1998)). To survive the economic loss rule, Plaintiff must "allege an injury distinct from" his contractual relationship with Defendant. *Id.*

Here, Plaintiff has alleged that Defendant misrepresented the loan modification to him and that Defendant misstated the amounts he should pay on his loan during the modification process. As has been argued by Defendant in its dismissal arguments as to Plaintiff's breach of contract claims, the loan modification was not the subject of a contract between the parties, making the basis of his fraud claim distinct from any obligations owed under the original loan agreement. Plaintiff alleges that he suffered damages and "serious injuries" based on these representations, including "stress dramatically affecting his health." Dkt. 22 at 9-10. Although Plaintiff's allegations are rather scant as to the complete nature of his damages, based on the facts alleged, the Court finds it plausible that Plaintiff allegedly sustained damages in excess of the value of the contract, allowing his fraud claim to survive the motion to dismiss. If at the summary judgment or trial phase, Plaintiff has no evidence to support the sort of independent damages permitted by Texas law, then he will take nothing by his claims here. *See, e.g., Deuley v. Chase Home Finance LLC,* 2006 WL 1155230, 3 (S.D. Tex. 2006) ("Therefore, because the Deuleys allege they suffered some type of damages, the Court denies Chase's motion to dismiss at this stage of the proceedings and instead grants its motion for a more definite statement so that the type of damages the Deuleys seek may be determined."). However, considering the disfavor with which motions to dismiss are treated, the economic loss rule should not bar his claims at this juncture and the motion to dismiss his fraudulent misrepresentation claim should be DENIED.

**Violations of the Fair Debt Collections and Practices Act ("FDCPA")**

Plaintiff alleges that Defendant has violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692e, by "seeking unjustified and erroneous amounts" under his loan. Dkt. 22 at 11. Defendant argues that it is not a debt collector under the FDCPA and therefore Plaintiff cannot state a claim against it. The Court agrees.

As recently noted by the Fifth Circuit, "mortgage lenders are not 'debt collectors' within the meaning of the FDCPA." *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. Appx. 424, 428, (5th Cir.2012) (citing *Williams v. Countrywide Home Loans, Inc.,* 504 F. Supp.2d 176, 190 (S.D. Tex. 2007) *aff'd,* 269 Fed.Appx. 523 (5th Cir.2008)). The same is true for mortgage servicing companies. *See Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *Ayers v. Aurora Loan Services, LLC*, 787 F. Supp.2d 451, 456 (E.D. Tex. 2011). Because it is undisputed that Defendant is a mortgage servicer, *see* Dkt. 22 at 3, Plaintiff cannot state an FDCPA claim against it. Therefore, Defendant's motion to dismiss Plaintiff's claims under the FDCPA should be GRANTED and those claims should be dismissed.

**RICO**

A plaintiff bringing a claim under the RICO statute,18 U.S.C. § 1961, *et seq*., must allege and show at least the three following elements: (1) a person who engages in (2) a pattern of racketeering activity, and (3) connected to the acquisition, establishment, conduct, or control of an enterprise. 18 U.S.C. § 1962; *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009). A pattern

of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. *Id.* An enterprise under RICO is a group of persons or entities associating together for the common purpose of engaging in a course of conduct, and an enterprise may be a legal entity or any union or group of individuals ***associated in fact***. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003) (citing 18 U.S.C. § 1961(4)) (emphasis added).

The plaintiff alleging an association-in-fact enterprise must adduce evidence demonstrating "'an ongoing organization, formal or informal, and ... evidence that the various associates function as a continuing unit.'" *Atkinson v. Anadarko Bank & Trust Co.,* 808 F.2d 438, 439-40 (5th Cir. 1987) (quoting *Turkette,* 452 U.S. at 583, 101 S. Ct. at 2528). The enterprise is not a pattern of racketeering activity, but must exist separate and apart from the pattern of racketeering activity in which it engages. *Whelan*, 319 F.3d at 229 (citing 18 U.S.C. § 1961(4)).

Plaintiff's complaint contains allegations as to the general purpose and elements of RICO claims but fails to allege specific facts as to his claims that would show an enterprise of individuals associated in fact with Defendant. Plaintiff's allegation that Defendant has numerous claims against it in many states does not show a group of persons associated in fact *with* Defendant in an enterprise such that a RICO claim is stated. Therefore, the Court finds that Defendant's motion to dismiss Plaintiff's RICO claim should be GRANTED and that claim should be dismissed.

**Predatory Lending, Violation of Plaintiff's Civil and Constitutional Rights**

Finally, Plaintiff asserts a claim of predatory lending and a violation of his civil and constitutional rights. As to the claim of predatory lending, Plaintiff has cited to no authority that

gives him a private right of action for such a claim. Similarly, his claims of violation of civil and constitutional rights fails to identify what rights were violated and how Defendant could be considered a state actor for purposes of liability. To state a constitutional claim for relief under Section 1983, a plaintiff must allege a violation of a constitutional right and a violation of that right by one or more state actors. *Johnson v. Dallas Indep. Sch. Dist.,* 38 F.3d 198, 200 (5th Cir. 1994). To be a state actor subject to liability under Section 1983, the defendant must be a person who acts "under color of any statute ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia." 42 U.S.C. §1983. Plaintiff has failed to allege with specificity any such violations by any state actors here. Therefore, the motion to dismiss his claim entitled "Predatory Lending, Violation of Plaintiff's Civil Right and Constitutional Right" should be GRANTED and that claim should be dismissed.

**ORDER & RECOMMENDATION**

Therefore, the Motion to Strike Response to Motion to Dismiss (Dkt. 36) is DENIED and the Court recommends that Defendant Bank of America's Motion to Dismiss (Dkt. 26) be GRANTED as to Plaintiff's breach of contract, FDCPA, RICO, and predatory lending/civil and Constitutional rights claims and that those claims be dismissed with prejudice and that Defendant Bank of America's Motion to Dismiss (Dkt. 26) be DENIED as to Plaintiff's claims under RESPA and Plaintiff's claims of fraudulent misrepresentation and that those claims remain at this time.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 13th day of November, 2012.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE